IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH OCASIO, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-3737 |
| | : | |
| CITY OF BETHLEHEM, | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                          January 7th, 2009

Joseph Ocasio, an Hispanic police officer, has brought this suit against the City of Bethlehem for race discrimination, national origin discrimination, harassment, hostile work environment, and retaliation. The city has moved to dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6). The city concedes that the race and national origin discrimination claims were properly exhausted. (Mot. to Dismiss at 2 (Document #7).) The issue is whether Officer Ocasio properly exhausted the administrative remedies for his harassment, hostile work environment, and retaliation claims. Upon consideration of the parties' filings, I will grant the motion.

**I. Background**

Joseph Ocasio has been a Bethlehem police officer for sixteen years. (Am. Compl. ¶ 6.) He holds the rank of Patrolman. (Id. ¶ 7.) He is Hispanic, and his national origin is Puerto Rican. (Id. ¶ 5.) Officer Ocasio believes that the police department refused to promote him to the position of Sergeant due to his race and/or national origin.

The city's civil service system serves as one of the factors for determining promotions. (Id. ¶ 13.) An officer seeking promotion would take the appropriate civil service examination, and would then be placed on an eligibility list based on test scores. (Id.) When deciding who to promote, the police department's formal policy is to consider the top three candidates for a position; the alleged informal practice is to promote the highest ranking officer on the list. (Id. ¶ 14.)

In January 2004, Officer Ocasio took the civil service exam for the position of Police Sergeant. (Id. ¶ 19.) As Sergeant positions opened up, white police officers ranked ahead of Officer Ocasio were promoted. (Id. ¶ 20.) By the time an opening for Sergeant became available in September 2005, Mr. Ocasio was the top candidate on the list. (Id. ¶ 21.) The police department, however, chose to promote a lower ranked white candidate. (Id. ¶ 22.) All of the police department's supervisory staff are white. (Id. ¶ 11.)

Even before the police department decided not to promote Officer Ocasio, he was subject to discrimination and harassment on several occasions. (Id. ¶ 17.) He filed internal complaints and spoke with his supervisors. (Id. ¶ 17.) He alleges that because of his complaints, he was subjected to continued harassment and a hostile work environment. (Id. ¶ 18.) Fellow officers allegedly made comments referring to Officer Ocasio's race and national origin. (Id. ¶¶ 26, 31, 32, 34.) Some of the comments and conduct were retaliatory in nature, suggesting that his duties and performance reviews could be adversely affected because of his complaints. (Id. ¶¶ 27–29, 33.)

On April 25, 2006, Officer Ocasio filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and with the Pennsylvania Human Relations Commission (PHRC).  (Id. ¶ 34.)  Officer Ocasio only checked off "race" as the cause of discrimination.  The notarized Statement of Particulars attached to the charge provided a detailed description of the police department's diversity and facts leading to the department's failure to promote Officer Ocasio.  No facts supporting a harassment, hostile work environment, or retaliation claim were included, and no discussion of Officer Ocasio's dealings with his supervisors or co-workers was presented.  The only possible reference to such claims was a sentence stating that the department's failure to promote "is typical of the City Police Department's pattern of engaging in and tolerating discriminatory practices, including the various Department officials' knowing tolerance of and participation in racially discriminatory language and conduct in the workplace."  (Def.'s Mot. to Dismiss Ex. B.)  While the EEOC charge was pending, members of the police department allegedly continued to make discriminatory comments and engage in retaliatory conduct.  (Am. Compl. ¶ 34.)  Officer Ocasio did not file any additional charges describing these events either.

On June 11, 2007, the EEOC determined that the failure to promote Officer Ocasio to Sergeant was due to his race and national origin.  (Id. ¶ 2.)  On May 15, 2008, Officer Ocasio received a Right to Sue Letter from the U.S. Department of Justice.  (Id.; see Am. Compl. Ex. A.)  Officer Ocasio filed his initial complaint on August 7, 2008, and then his

current amended complaint on September 25, 2008. The complaint contains four counts:

> Count I: National origin discrimination, harassment, and hostile work environment under Title VII;
>
> Count II: Race discrimination, harassment, and hostile work environment under Title VII;
>
> Count III: Race discrimination, harassment, and hostile work environment under the PHRA; and
>
> Count IV: National origin discrimination, harassment, hostile work environment, and retaliation under the PHRA.

The complaint lists all of the objectionable comments and conduct described above. Rather than directly naming every speaker or actor, the complaint employs a coded identification system. (See, e.g., id. ¶ 34 ("Sergeant CB stated . . . ."; "Lt. BA refers . . . ."; "Sergeant CC refers . . . .").)

On October 9, 2008, the city moved to dismiss for failure to exhaust administrative remedies all claims of harassment, a hostile work environment, and retaliation. Officer Ocasio responded on October 23, 2008.

**II. Applicable law**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). A federal court may grant a motion to dismiss only where "it appears beyond a reasonable doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004) (quoting Conley, 355 U.S. at 45–46). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id. See also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. A plaintiff, however, must plead specific factual allegations. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).

## III. Discussion

### A. Failure to exhaust administrative remedies

I find that Officer Ocasio failed to exhaust his harassment, hostile work environment, and retaliation claims. Filing charges with the EEOC and receiving a right to sue letter are prerequisites to filing a Title VII suit. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 399 (3d Cir. 1976). These administrative procedures are not to be

interpreted in a technical fashion and evince a preference for settling matters through administrative conciliation over formal court proceedings.  Id.  Therefore, a plaintiff is required to go through proper administrative prerequisites before bringing suit for Title VII violations.  The test in the Third Circuit for exhaustion of administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior E.E.O.C. complaint, or the investigation arising therefrom."  Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996) (citing Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984)); see also Ostapowicz, 541 F.2d at 399 (stating that courts should allow plaintiffs to sue for any Title VII violations "which can reasonably be expected to grow out of the charge of discrimination").  Because EEOC "charges are drafted by one who is not well versed in the art of legal description[,] . . . the scope of the original charge should be liberally construed."  Hicks v. ABT Assoc. Inc., 572 F.2d 960, 965 (3d Cir. 1978).

      The following sentence from the EEOC charge allegedly exhausts the claims in question: "[The city's] refusal to promote . . . is typical of the City Police Department's pattern of engaging in and tolerating discriminatory practices, including the various Department officials' knowing tolerance of and participation in racially discriminatory language and conduct in the workplace."  (Def.'s Mot. to Dismiss Ex. B.)  The rest of the charge is solely focused on the failure to promote.  No other cognizable claim of harassment, hostile work environment, or retaliation appears.  No facts in support of such claims are presented.  No allegations that the EEOC's investigation was inadequate or otherwise improper were or have been made.

Even when liberally construing the charge, these claims were not within its reasonable scope. Indeed, the near entirety of the EEOC charge is dedicated to the facts of the failure to promote. Officer Ocasio's failure to raise such allegations denied the EEOC the opportunity to settle those claims at the administrative level and prevents this court from exercising jurisdiction. See, e.g., Valdes v. New Jersey, 2005 U.S. Dist. LEXIS 33203, at *8–11 (D.N.J. Dec. 15, 2005) (dismissing a hostile work environment claim for failure to exhaust administrative remedies upon finding that the claim was outside the scope of a reasonable EEOC investigation stemming from a charge alleging only religious discrimination and retaliation); Turgeon v. Marriott Hotel Servs., 2000 U.S. Dist. LEXIS 18688, at *29–31 (E.D. Pa. Dec. 27, 2000) (finding that a claim for retaliation was barred for failure to exhaust administrative remedies when it had not been raised before, nor investigated by, the EEOC or PCHR). Given the marked absence of any claim beyond those directly relating to the failure to promote, Officer Ocasio failed to exhaust his administrative remedies for all pending claims.

I find the assertion that the harassment, hostile work environment, and retaliation claims arise from the "same operative facts" as the race and national origin claims unavailing. (Pl.'s Opp'n Mem. at 6–7.) While Officer Ocasio correctly identifies the test for exhaustion—whether the EEOC investigation could be reasonably expected to grow out of the existing charges—his application is questionable. The set of facts underlying the race and national origin claims were those surrounding the department's failure to promote, and the substance of the EEOC charge was directed towards describing that

incident. While adequate to exhaust claims for race and national origin discrimination, this narrative was insufficient to place the EEOC on notice that it should investigate potential harassment, hostile work environment, or retaliation issues. Indeed, the facts alleged in Officer Ocasio's complaint for the harassment, hostile work environment, and retaliation claims are far separated in nature and type from those presented in the EEOC charge. Rather than arising from the "same operative facts," the claims in question are distinct.

Other courts in this district have dismissed for failure to exhaust administriative remedies claims that were not alleged or factually supported by the contents of the EEOC charge. Compare Nerosa v. Storecast Merchandising Corp., 2002 WL 1998181, at *3–5 (E.D. Pa. Aug. 28, 2002) (finding that the plaintiff had not exhausted administrative remedies for her hostile work environment and retaliation claims when her EEOC charge stated no set of facts or arguments supporting either claim), and Wright v. Phila. Gas Works, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing the plaintiff's claims of a hostile work environment and retaliation for failure to exhaust when the EEOC charge alleged only racially motivated discharge), with Carter v. Potter 2004 WL 2958428, at *6 (E.D. Pa. Dec. 21, 2004) (allowing the plaintiff's retaliation claim to proceed because "[t]he facts of [his] retaliation claim are virtually identical to the facts of his disability claim . . . .") Similarly, the EEOC charge here only presented facts of the failure to promote. These facts are not identical to those alleged in the complaint for harassment, hostile work environment, or retaliation and do not support such claims.

(Compare Def.'s Mot. to Dismiss Ex. B, with Am. Compl. ¶¶ 26–34.)

Officer Ocasio's final alternative argument is that the purpose of exhaustion has been achieved. I will dismiss this as well. He cites no authority stating that simply achieving the purposes of exhaustion would allow any subsequent claim to be included in the complaint. The case law that he does cite discuss the purposes of exhaustion *in conjunction with* actual exhaustion. Moreover, adopting Officer Ocasio's proposed application would actually serve to defeat the purposes of exhaustion. The EEOC must still be made aware, whether through the charge itself or a reasonable investigation, of what discriminatory treatment the employee is complaining about.

**IV. Conclusion**

For the foregoing reasons, I will grant the motion and dismiss the claims. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH OCASIO,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-3737 |
| | : | |
| **CITY OF BETHLEHEM,** | : | |
| Defendant | : | |

**O R D E R**

**STENGEL, J.**

**AND NOW**, this 7th day of January, 2009, upon consideration of the defendant's Motion to Dismiss (Document #7), it is hereby ORDERED that the motion is GRANTED. The plaintiff's harassment, hostile work environment, and retaliation claims are DISMISSED.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.